IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAYRIN ROBINSON, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:12-CV-043-O-BL |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Dayrin Robinson, an inmate at the Texas Department of Criminal Justice's Allred Unit. Because the petition does not present a cognizable basis for habeas relief, it is recommended the petition be dismissed.

### I. BACKGROUND

In 2003, Petitioner began serving a forty-year sentence for aggravated robbery (40 Years Conviction). *See Robinson v. Quarterman*, No. 3:07-CV-101-R, 2007 U.S. Dist. LEXIS 74658, 2007 WL 2907870 (N.D. Tex. Oct. 4, 2007). Since then Petitioner has filed numerous suits in state and federal court, some of the habeas variety attacking his 40 Years Conviction. *See, e.g.*, *Robinson v. Stephens*, No. 3:14-CV-3948-N-BK, 2014 WL 7392094, at *2 (N.D. Tex., Dec. 29, 2014) (accepting the recommendation of the magistrate judge) (noting several habeas petitions Petitioner has filed in the Northern District of Texas, Wichita Falls Division). Petitioner has filed other suits attacking changes in his custodial classification at the Allred Unit. *See, e.g.*, *Robinson v. Thaler*, 7-12-CV-42, (N.D. Tex. Jan. 22, 2015) Doc. 12 (Report and Recommendation of the

Magistrate Judge). His petition today appears to contest several factual predicates. (*See* Doc. 3, pp. 13–16).

## II. DISCUSSION

### A. Factual Predicate

Courts must construe prisoners' complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[B]ut the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Poux v. Drew*, 2010 U.S. Dist. LEXIS 113433, 2010 WL 4281824 (D. S.C. Sept. 22, 2010) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990)).

A liberal construction of the instant petition could potentially indicate as many as seven factual predicates upon which Petitioner bases his claims for habeas relief. The court considers each possibility.

Predicate 1

Petitioner appears to contest a judgment from the 283rd District Court in Dallas County, Texas, dated October 23, 2008. (Doc. 3, p. 2, para. 1). In 2008, Petitioner had been in prison for roughly five years serving his 40 Years Conviction, which began in 2003. Prompted to identify the docket number of the case he wishes to attack, Petitioner wrote, "expunged X08-777-P," which is not a valid case number for the 283rd District Court. *Id.* para. 4). The court notes, however, that X08-777-P is a proper cause number of a case in the 203rd District Court in Dallas County. It appears that Petitioner appealed case number X08-777-P directly to the Supreme Court of Texas on March 16, 2009, which dismissed the case on April 24, 2009.[1] The Supreme

---

[1] *See* http://data.scotxblog.com/scotx/no/09-0295; http://www.search.txcourts.gov/Case.aspx?cn=09-0295&coa=cossup.

Court of Texas gave that proceeding the cause number 09-0295. It is not clear what the substance and claims in X08-777-P were.

### Predicate 2

Next, Petitioner appears to reference a plea deal he made with the State in either 1998 or 2001. *Id.* p. 3, para. 6. Petitioner has entered two plea deals with the State—one in 1998 and one in 2001—dealing with various criminal charges. Neither plea involved a jury. Petitioner's only conviction was in 2003, because of which he is currently incarcerated. Petitioner's conviction came after a jury trial, so his indication that the factual predicate under attack was a "judge only" trial suggests he contests one of his plea deals. *Id.*

### Predicate 3

Next, petitioner indicates he appealed the judgment of conviction currently under attack to the Fifth District Court of Appeals in Dallas. *Id.* para. 9. Petitioner notes the cause number 05-08-01495-CV. *Id.* That case was filed November 7, 2008, and dismissed by the Fifth Court of Appeals January 7, 2009.[2] In his instant petition, Petitioner notes that the Fifth Court of Appeals had not issued a decision. *Id.* In the portion of the instant petition for information regarding a petition for discretionary review filed after the Fifth Court of Appeals, Petitioner indicated cause number 09-0295, discussed above as the Supreme Court of Texas cause number for Petitioner's direct appeal from the 203rd District Court. *Id.* Thus, it is not clear what judgment of conviction cause number 05-08-01495-CV was an appeal from.

### Predicate 4

Prompted to list information relating to any state or federal collateral attacks he filed, Petitioner wrote prison disciplinary cause number 2011152625. *Id.* para. 11. That disciplinary case is a Step 1 grievance attached to the instant petition, wherein Petitioner complains of a

---

[2] *See* http://www.search.txcourts.gov/Case.aspx?cn=05-08-01495-CV&coa=coa05

corrections officer interrupting a game of dominos and placing Petitioner in solitary confinement. (Doc. 3, pp. 11–12). That Step 1 was marked by the prison as improperly submitted, noting "Submission in excess of 1 every 7 days." *Id.* at 12. That Step 1 is unaccompanied by a Step 2.

### Predicate 5

Prompted to list information relating to any second collateral attack he may have filed, Petitioner wrote prison disciplinary cause number 2011158979. (Doc. 3, p. 4). That disciplinary case is a Step 1 grievance attached to the instant petition, wherein Petitioner claims he was denied "due course of law and due process of law" in another disciplinary case—case number 20110249500 ("Case 500"). *Id.* pp. 17–18. Case 2011158979 was marked by the prison as redundant, having already been filed in disciplinary case number 2011152604 ("Case 604"), which is detailed below as Predicate 7. *Id.* p. 18.

### Predicate 6

In the section of the instant petition for information relating to disciplinary proceedings, Petitioner notes Case 500. *Id.* para. 17. Case 500 is not attached to the instant petition; however, like Predicate 5 above, Case 500 appears to be the topic of Case 604, *i.e.*, Predicate 7. *Id.* pp. 13–16. Petitioner indicates that he appealed Case 500 via his Case 604 Step 1 and Step 2. *Id.* pp. 5–6, para. 19.

### Predicate 7

Petitioner attaches to the instant petition a completed Step 1 and Step 2 for Case 604. *Id.* pp. 13–16. Case 604 seems to align best with the substantive arguments in the petition proper, namely that an Officer Moudi filed a disciplinary report against Petitioner in Case 500, which

Petitioner alleges was false and defamatory. *Id.* pp. 6–7, 13–16. Petitioner therefore alleges that the investigation and punishment he received in that case are void. *Id.*

### B. Predicates Examined

To the extent Petitioner bases his habeas claim on Predicate 1, Petitioner fails to show his statute of limitations has not run. *See* 28 U.S.C. § 2244(d). The Supreme Court of Texas dismissed case number X08-777-P on April 24, 2009. Petitioner filed the instant petition March 14, 2012, nearly three years later.

To the extent Petitioner bases his habeas claim on Predicates 2 through 6, Petitioner fails to demonstrate he has exhausted his remedies before bringing suit in federal court. *See* 28 U.S.C. § 2254(b), (c); *Richardson v. Spurlock*, 260 F.3d 495 (5th Cir. 2001). The instant petition is either wholly unaccompanied by evidence of exhaustion for Predicates 2 through 6, or those predicates are Step 1 prison grievances without an accompanying Step 2.

Additionally, Predicate 2, one of Petitioner's plea deals, further suffers by being raised in a second or successive predicate. *See* 28 U.S.C. § 2244(b); *see also Stephens*, 2014 WL 7392094; *Thaler*, No. 7:12-CV-042-O-BL.

Predicate 7, then, presents the only potential basis for federal habeas relief properly before the court. Accordingly, the court construes the instant petition as alleging a claim for habeas relief based on the Step 1 and Step 2 prison grievances attached to the instant petition as pages 13–16. *See Erickson*, 551 U.S. at 94.

### C. Predicate 7 – Examined

In his Step 1 for Case 604, Petitioner claims his "name and person" were slandered and defamed by the writing up of Case 500 on Petitioner. (Doc. 3, p. 13). Petitioner claims the report was false and made with "intent[] to fabricate the gravity and nature of the activity" that

Petitioner was accused of doing, namely disobeying an order of a corrections officer and resisting being handcuffed thereafter. *Id.* p. 13–14.

Though Petitioner's Case 604 complains of the existence of Case 500, it is not clear what consequences Petitioner faced thereby. Importantly, Petitioner concedes he did not lose any previously earned good time credit. *Id.* p. 5, para. 18; *see Sandin v. Conner*, 515 U.S. 472 (1995) (discussing a due process liberty interest in previously earned good time credits). Petitioner only alleges his "reputation for a record of good conduct was slandered." (Doc. 3, p. 13, pp. 6–7). In an effort to effectively communicate the essence of Petitioner's claims, the court states them in detail.[3]

As the first ground for why he is being held in violation of the Constitution, Petitioner writes, "Illegally restrained of action for personal attacks." *Id.* p. 6, para. 20A. As "supporting facts," Petitioner writes, "I charged the accused with subversion for making false reports against my name, my person, my being, my image, my family, my property, my life and my liberty. I am going to take action by legal process for the subversion of my Constitution of the United States of America and take compensation for my time and labor in doing so." *Id.*

Petitioner's second ground states, "Illegal restraint of remedy and redress of grievances." *Id.* para. 20B. As supporting facts, Petitioner writes, "I charged the accused with sabotage for making a false defense under false pretense during investigation and inquiry of my case my records, my incarceration, and my hearing. I am going to take action by legal process for the sabotage of my federal investigation and take measures for justice to be served upon the co-conspirators." *Id.*

---

[3] Petitioner's writing bears frequent grammatical and typographical errors. Passages quoted herein are reproduced verbatim.

Petitioner's third ground states, "Illegal restraint of just compensation for service rendered." *Id.* p. 7, para. 20C. As supporting facts, Petitioner writes, "I have invested intellectual property in to the Constitution of the United States of America in response to deliberate and willful attempts by individuals employed as public officers to break my faith and my constitutional practice. I am going to appraise the value of my socioeconomic political equipment." *Id.*

Petitioner's final ground states, "Illegal restraint of property taken for government purposes." *Id.* para. 20D. As supporting facts, Petitioner writes, "My person, my image, and my ideas are my professional career and my life and liberty. They are attached to my being which is in a cell at expansion cell block, high security C Block 2-33-Cell T and subjected to relentless religious test as Allred ECR employees attempt to manage, observe, and supervise my activities with no authority to do so." *Id.*

As relief, Petitioner states, "I need access to a cellular phone, a portable computer, satellite television, media communication, military security of my own choosing, banking and credit cards, accountants, investors, political scientist, business consultants, education in business and commerce, commercial law attorneys, entertainment law attorneys, travel agents, a dentist, a doctor, a health cook, a physical fitness trainer, an air pilot, a tour guide, a jet, a yacht, and a limousine." *Id.* para. 21.

**D. Law**

"Federal habeas relief cannot be granted unless the petitioner alleges that he has been deprived of some right secured to him by the United States Constitution or laws of the United States." *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). A district court must answer the preliminary question of whether there is a liberty interest that the prison action implicated or

infringed. *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007) (citing *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976)).

"A prisoner's liberty interest is generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472; *accord Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (A complained of condition "is not grounds for a due process claim unless it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") (internal quotation marks omitted).

### E. Application

As noted, it is unclear from the petition and attached grievances what consequences Petitioner faced from the disciplinary proceedings. He does not clearly allege, for example, that his custodial status was changed. *See Sandin*, 515 U.S. 472. Nor does he claim the duration of his confinement was affected. *See id.* Without more, Petitioner cannot show he was deprived a constitutionally protected liberty interest when Defendants allegedly "slandered his reputation." *See Sandin*, 515 U.S. 472; *Hernandez*, 522 F.3d at 562; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Petitioner does not support his allegations with facts, *see Poux*, 2010 U.S. Dist. LEXIS 113433, 2010 WL 4281824, and does not allege that the disciplinary proceeding of which he complains is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. 472; *Orellana*, 65 F.3d at 31. Petitioner does not show the treatment he received varied from the treatment another inmate in similar circumstances would receive, and does not show his experience was outside the normal prison

experience. Petitioner simply contests a prison disciplinary decision with whose outcome he is not pleased.

Even liberally construed, Petitioner fails to present a cognizable basis for federal habeas relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *see also Stephens*, 2014 WL 7392094 (finding, in part, no cognizable basis for habeas relief).

Showing no liberty interest violation, Petitioner can receive no habeas relief. *See Teague*, 482 F.3d at 773; *see* 28 U.S.C. § 2 254; *Sandin*, 515 U.S. 472; *Stephens*, 2014 WL 7392094; Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that all pending motions in this case be **DENIED** and the petition for writ of habeas corpus be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 29th day of January, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**